J. ARTHUR WRAY, Respondent, v. WILLIAM W. WOODARD et al., Appellants.

Kansas City Court of Appeals, December 2, 1907.

APPELLATE PRACTICE: Service of Abstract: Negligence: Evidence. The facts relating to the failure to serve an abstract in time required by the rules, is held insufficient, since it shows negligence.

Appeal from Andrew Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*T. A. Cummins* and *Shinabargar & Blagg* for appellants.

*W. H. Crawford,* for respondent, filed no brief.

BROADDUS, P. J.—On motion to dismiss the appeal and affirm the judgment.

The appeal herein was taken on the first day of

June, 1906. A transcript of the record was filed on the 15th of September 1906 and the case was put upon the March docket for the year 1907, at which time by agreement of parties it was continued until the October term of that year in order to allow the parties time to prepare for a hearing.

The appellants failed to serve respondent with a copy of their abstract statement, and brief twenty days before the day on which the case was docketed for hearing as provided in rule 15. It was docketed for hearing on the 8th of October. It appears that appellants prepared their abstract, statement and brief in the cause and delivered it to the printer on the 17th day of September, 1907, to be printed which was twenty-two days before the day the case was set for hearing. The printer failed to get them printed in time for service on the respondent, twenty days before October the 8th. In an affidavit filed by appellants the statement is made, that the printing should have been completed by the 19th of October (September was intended), and that would have allowed sufficient time for service of copies on respondent.

And as further excuse for delay appellant states that T. H. Cummins one of respondent's counsel was absent, but no time is stated when, and that at some time or other without saying when one of appellants' counsel was sick.

The appellants had ample time from March at which time the cause was continued to have prepared their abstract, statement and brief and had them printed and served upon respondent twenty days before it was set for hearing. Instead of doing so they only allowed themselves two days of time to have the printing done and service upon the respondents. This was gross neglect. The excuse offered for failure to comply with the rule is wholly without merit. The motion to affirm is sustained. All concur.